This action arises out of a dispute between Hartford Casualty Insurance Company ("Hartford") and its insured, Merchants 
Farmers Bank ("Merchants"). Merchants filed an action against Hartford seeking a judgment declaring that Hartford was obligated to defend and indemnify Merchants in an action between Merchants and one of its customers, Bridges Warehouse Furniture, Inc. ("Bridges"), a retail seller of furniture. The trial court determined that Hartford was obligated to defend and to indemnify Merchants in that underlying action. Hartford appealed. We reverse and remand.
 Facts
As a result of a series of financial transactions between Merchants and Bridges beginning in May 2001 evidenced by a loan agreement, Bridges became indebted to Merchants, and Merchants, in exchange, obtained a perfected security interest in Bridges's inventory and equipment, and in all proceeds derived from the sales of its inventory. In September 2002 Bridges defaulted on its debt to Merchants. Shortly after the default, Merchants learned that Bridges had entered into an agreement with a third party, Barnett Brown, Inc. ("Barnett"), another furniture retailer, pursuant to which Barnett had placed its inventory in Bridges's store as part of a liquidation sale. Merchants also learned that Barnett was in the process of removing all of its inventory from Bridges's store. *Page 1008 
Merchants undertook to ascertain the nature and extent of the relationship between Bridges and Barnett and discovered that Barnett had not filed a financing statement relating to the inventory it had placed in Bridges's store, as required by the Uniform Commercial Code, and therefore had not secured its interest in the inventory. Counsel for Merchants concluded that any furniture belonging to Barnett and placed in Bridges's store for sale was under consignment. This conclusion led Merchants' attorney to instruct Merchants that Merchants had a security interest superior to Barnett's in merchandise placed in Bridges's store by Barnett and in any proceeds from the sale of that merchandise. Acting on this advice, Merchants notified Barnett of its position by letter. Before Merchants had an opportunity to act, Barnett sued Merchants and Bridges.
Barnett's complaint asserted three causes of action: (1) conversion; (2) detinue; and (3) negligence, willfulness, and wantonness. In substance, Barnett alleged that Merchants had improperly seized inventory and money belonging to Barnett and that in so doing Merchants had breached a duty it owed Barnett.
Merchants turned to Hartford to provide a defense to Barnett's action and for indemnification if required. Hartford concluded that the allegations of the complaint did not meet the policy definition of an "occurrence," "property damage," or "bodily injury," and it declined to provide a defense or to agree to indemnify Merchants. Merchants then filed this declaratory-judgment action against Hartford and also named Barnett as a defendant.[1]
In the policy Hartford issued to Merchants, Hartford agreed to
 "pay those sums that the insured [Merchants] becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend the insured against any `suit' seeking those damages. However, we will have no duty to defend the insured against any `suit' seeking damages for `bodily injury' or `property damage' to which this insurance does not apply."
The policy included the following definitions:
 "`Bodily Injury' means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.
". . . .
 "`Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
". . . .
"`Property damage' means:
 "a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
 "b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the `occurrence' that caused it."
(Hartford's brief, Appendix, Tab 1; emphasis added.)
The exclusions page of the policy includes the following language:
"2. Exclusions *Page 1009 
"This insurance does not apply to:
"a. Expected or Intended Injury
 "`Bodily injury' or `property damage' expected or intended from the standpoint of the insured. . . ."
(Hartford's brief, Appendix, Tab 1.)
The trial court held a hearing at which evidence was presented ore tenus. After the hearing, the court issued a judgment, in which it concluded that the actions of Merchants complained of by Barnett constituted an "occurrence" within the meaning of the policy. The trial court found no specific intent on the part of Merchants to cause damage to Barnett and no high degree of certainty on the part of Merchants that its actions would cause damage to Barnett. Thus, the trial court found that none of the exclusions in the policy applied and that to deny coverage to Merchants would deny the reasonable expectations of the parties. It declared that Hartford was obligated to defend Merchants against the allegations of Barnett's complaint and that Hartford was obligated to "provide liability insurance coverage to the bank for the claims of Barnett."
Hartford argues on appeal that there are no factual allegations in the complaint or facts presented by Merchants that may be proved by admissible evidence that demonstrate an "occurrence" within the meaning of the policy, so as to establish a duty on Hartford's part to defend or to indemnify Merchants in the action brought by Barnett against Merchants.
 Standard of Review
When a trial court interprets an insurance policy as a matter of law, that interpretation is subject to a de novo review.Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548, 555
(Ala. 1985); Aetna Life Ins. Co. v. Hare, 47 Ala.App. 478,256 So.2d 904, 911 (1972). However, when evidence is presented ore tenus in a nonjury case, a judgment based on that ore tenus evidence will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong or against the great weight of the evidence. Eagerton v. Second Econ. Dev.Coop. Dist. of Lowndes County, 909 So.2d 783, 788 (Ala. 2004). Nevertheless, this rule is not applicable where the evidence is undisputed or where the material facts are established by undisputed evidence. Salter v. Hamiter, 887 So.2d 230, 233-34
(Ala. 2004). Additionally, when the trial court "improperly applies the law to the facts, the presumption of correctness otherwise applicable to the trial court's judgment has no effect." Ex parte Bd. of Zoning Adjustment of Mobile,636 So.2d 415, 418 (Ala. 1994).
 Analysis
We first examine whether Hartford has a duty to defend. Our cases have held that the duty to defend is "more extensive" than the duty to indemnify. This Court has stated:
 "It is well settled `that [an] insurer's duty to defend is more extensive than its duty to [indemnify].' United States Fid. Guar. Co. v. Armstrong, 479 So.2d 1164, 1168 (Ala. 1985) (citations omitted). Whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint. Id. at 1168. If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured. Ladner Co. v. Southern Guar. Ins. Co., 347 So.2d 100, 102 (Ala. 1977) (citing Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N.Y. 148, 77 N.E.2d 131 (1948)). However, `[t]his Court . . . has rejected the argument *Page 1010 
that the insurer's obligation to defend must be determined solely from the facts alleged in the complaint in the action against the insured.' Ladner, 347 So.2d at 103. In Pacific Indemnity Co. v. Run-A-Ford Co., 276 Ala. 311, 161 So.2d 789
(1964), this Court explained:
 "`We are of [the] opinion that in deciding whether a complaint alleges such injury, the court is not limited to the bare allegations of the complaint in the action against [the] insured but may look to facts which may be proved by admissible evidence. . . .'
 "276 Ala. at 318, 161 So.2d at 795; see Ladner, 347 So.2d at 103 (quoting this language). `[I]f there is any uncertainty as to whether the complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident that gave rise to the complaint in order to determine whether it has a duty to defend the insured.' Blackburn v. Fidelity Deposit Co. of Maryland, 667 So.2d 661, 668 (Ala. 1995) (citing United States Fid. Guar. Co. v. Armstrong, 479 So.2d 1164 (Ala. 1985)) (other citations omitted). When a complaint alleges both acts covered under the policy and acts not covered, the insurer is under a duty to at least defend the allegations covered by the policy. Blackburn, 667 So.2d at 670 (citing Tapscott v. Allstate Ins. Co., 526 So.2d 570, 574
(Ala. 1988))."
Acceptance Insurance Co. v. Brown, 832 So.2d 1, 14 (Ala. 2001). In Tanner v. State Farm Fire Casualty Co., 874 So.2d 1058,1064-65 (Ala. 2003), this Court stated:
 "In three cases, Pacific Indemnity Co. v. Run-A-Ford Co., 276 Ala. 311, 161 So.2d 789 (1964); Ladner Co. v. Southern Guaranty Ins. Co., 347 So.2d 100
(Ala. 1977); and Tapscott v. Allstate Ins. Co., 526 So.2d 570 (Ala. 1988), this Court held that, if the complaint against the insured does not, on its face, allege a covered accident or occurrence, `other facts which did exist but were not alleged could be taken into consideration' to establish coverage because the policy `should be liberally construed in favor of the insured.' Ladner, 347 So.2d at 103. However, this Court has never held that, even though the allegations of the complaint do allege a covered accident or occurrence, the courts may consider evidence outside the allegations to disestablish the duty to defend. . . .
". . . .
 ". . . If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence. If the complaint against the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves one, then the insurer likewise owes the duty to defend. The insurer owes no duty to defend only if neither does the complaint against the insured allege a covered accident or occurrence nor does the evidence in the litigation between [the injured person] and the insured prove a covered accident or occurrence. Acceptance Ins. Co. [v. Brown, 832 So.2d 1 (Ala. 2001)]; Run-A-Ford, supra; Ladner, supra. If the allegedly injured person's complaint against the insured alleges or the evidence proves not only claims based on a covered accident or occurrence but also claims not based on a covered accident or occurrence, the insurer owes a duty to defend at least the claims based on a covered accident or occurrence. E.g., Acceptance Ins. Co., supra; Porterfield [v. Audubon Indem. Co., 856 So.2d 789
(Ala. 2002)]; Townsend Ford, Inc. v. *Page 1011 Auto-Owners Ins. Co., 656 So.2d 360 (Ala. 1995)."
This broad duty on the part of an insurer to defend an insured arises out of the principle that an ambiguous insurance policy is to be construed liberally in favor of the insured and strictly against the insurer. American States Ins. Co. v. Martin,662 So.2d 245 (Ala. 1995); Tyler v. Insurance Co. of North America,331 So.2d 641 (Ala. 1976).
Our analysis of whether Hartford has a duty to supply a defense for Merchants in Barnett's action against it is two-pronged. First we must determine whether the facts alleged in Barnett's complaint state an "occurrence" within the meaning of the policy. Secondly, and presupposing a negative answer to the first inquiry, we must determine whether the "facts which may be proved by admissible evidence" state an "occurrence." Pacific Indem.Co. v. Run-A-Ford Co., 276 Ala. 311, 319, 161 So.2d 789, 795
(1964).
 I.
Merchants' policy with Hartford defines an "occurrence" as "an accident." The term "accident" is not defined in the policy, but it is a commonly used word in the legal profession. In St. PaulFire Marine Insurance. Co. v. Christiansen Marine, Inc.,893 So.2d 1124, 1136 (Ala. 2004), this Court applied the following definition of "accident" found in Black's Law Dictionary 15 (7th ed. 1999): "An unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated." In UnitedStates Fidelity Guaranty Co. v. Bonitz Insulation Co. ofAlabama, 424 So.2d 569, 572 (Ala. 1982), this Court, citingEmployers Insurance Co. of Alabama v. Rives, 264 Ala. 310,87 So.2d 653 (1955), stated: "The term [`accident'] has . . . been variously defined as something unforeseen, unexpected, or unusual."
The relevant facts asserted against Merchants are found in paragraph 9 of Barnett's complaint, which states as follows:
 "9. Moreover, after commencement of the liquidation sale, [Barnett] learned for the first time of the existence of the Defendant, Merchants Farmers Bank as a creditor of Bridges Warehouse Furniture and of the extent of the debt owed by Bridges Furniture to Merchants Farmers Bank. [Barnett] communicated with Merchants Farmers concerning [Barnett's] role in the liquidation sale and the substantial inventory and monies which belonged to [Barnett] arising from the sale. Nonetheless, even after being provided full knowledge of [Barnett's] involvement in the liquidation sale, [Barnett's] substantial interest in the furniture being sold in the sale and [Barnett's] rights in monies on deposit in the joint liquidation sale account,[2] Merchants Farmers Bank took control of all property located at Defendant Bridges Furniture's place of business and the joint account. Despite demand for the return of all property and the identifiable proceeds from the sale, no return has been made."
The relevant factual averments contained in the complaint are simple: Merchants took action to secure its claims under its loan agreement with Bridges — specifically "[e]ven after being provided full knowledge of [Barnett's] involvement in the liquidation sale, [Barnett's] substantial *Page 1012 
interest in the furniture being sold in the sale and [Barnett's] rights in monies on deposit in the joint liquidation sale account, Merchants Farmers Bank took control of all property located at Defendant Bridges Furniture's place of business and the joint account." The complaint does not advise when, or how, Merchants took control of the property in question or what exact acts Merchants undertook in that regard. Nothing in these averments shows that Merchants' actions, or the consequences of its actions, were "unintended or unforeseen" so as to constitute an occurrence under the policy.
Paragraph 42 of count IX of Barnett's complaint, which is the only count that alleges negligence against Merchants, states:
 "42. Defendant Merchants Farmers Bank negligently, willfully and/or wantonly breached its duty owed to [Barnett] in that it was aware that its wrongful possession of said property would result in injury to [Barnett]."
Count IX adopts all of the preceding averments of the complaint, including the factual averments of paragraph 9 set out above. The negligence averment of count IX is therefore framed by the factual allegations of paragraph 9, and "negligence" merely dangles as a cause of action that is unrelated to any asserted facts.
Where facts are alleged in the complaint to support a cause of action, it is the facts, not the legal phraseology, that determine whether an insurer has a duty to defend its insured in the action. As we have said: "[I]f there is any uncertainty as to whether the complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident . . . to determine whether it has a duty to defend. . . ." Acceptance Ins. Co. v. Brown, 832 So.2d at 14
(quoting Blackburn v. Fidelity Deposit Co. of Maryland,667 So.2d 661, 668 (Ala. 1995)) (emphasis added); see also McCauleyv. Estes, 726 So.2d 719 (Ala.Civ.App. 1998).
In Tanner, supra, the complaint alleged innocent misrepresentation, reckless misrepresentation, and suppression of a material fact. Despite deposition testimony indicating that the plaintiff was contending that Tanner had injured him intentionally, the Court held that the allegations in the complaint obliged State Farm to defend Tanner against the three claims stated above. However, there was no finding by the Court in Tanner that the descriptive facts asserted in the complaint contradicted the legal theories asserted in it. Unlike Tanner, the facts stated in the complaint in this case flatly contradict the allegation of negligence, which was simply dropped into the complaint.
We therefore conclude that when the complaint supplies descriptive facts and those facts are irreconcilable with a legal theory, such as "negligence," asserted in the complaint, the facts, not the mere assertion of the legal theory, determine an insurer's duty to defend.
 II.
Because the averments of the complaint do not establish a duty to defend, we turn to the second prong of the analysis, i.e., whether other facts that "may be proved by admissible evidence" but that were not alleged in the complaint would show or create a reasonable inference that there had been an "occurrence" within the meaning of the policy so as to require Hartford to defend Merchants in Barnett's action against it.
From testimony adduced at trial in the declaratory-judgment action and from representations made by the parties in their submissions to this Court, we have compiled the following facts that would be *Page 1013 
before the trial court on a trial of Barnett's action against Merchants and Bridges and that "may be proved by admissible evidence," Pacific Indemnity Co., 276 Ala. at 319,161 So.2d at 795: Merchants had no contractual relationship with Barnett; indeed, it did not know of Barnett's involvement with Bridges until the liquidation sale was almost completed. Merchants determined that Barnett had not complied with the requirements of the Uniform Commercial Code to secure Barnett's security interest in the property it had placed in Bridges's store by filing a financing statement, and Merchants' counsel advised Merchants that Merchants' security interest in the property in Bridges's store was superior to any other claim, including Barnett's. Merchants wrote the parties informing them of its intent to protect Merchants' security interest. Merchants never seized any property or money from Barnett.
These facts, admitted by all parties, establish that Merchants decided upon a deliberate course of conduct and, throughout the time frame in question, intentionally pursued that course of conduct. Merchants understood that in pursuing that course of conduct it would be asserting a contested claim to certain property and moneys. By any reasonable standard, these facts show a series of purposeful and deliberate acts that do not and cannot be described as an accident. Merchants does not, and cannot, on these facts, show an unexpected, unintended, or unforeseen result from its course of action. Merchants "may have made a mistake of fact and/or an error in judgment, but it at all times acted in a deliberate and purposeful manner." Mindis Metals, Inc. v.Transportation Ins. Co., 209 F.3d 1296, 1301 (11th Cir. 2000). In view of these undisputed facts, we find no accident and hence no occurrence that would trigger Hartford's duty to defend.
Hartford argues that the trial court's holding that Hartford has a duty to indemnify Merchants was premature and therefore in error. We agree. Whether there is a duty to indemnify under the policy will depend on the facts adduced at the trial of the action between Barnett and Merchants; thus, we do not reach on this appeal the issue whether Hartford has a duty to indemnify Merchants.
We reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, HARWOOD, SMITH, BOLIN, and PARKER, JJ., concur.
WOODALL and STUART, JJ., concur in the result.
[1] It appears that Barnett did not take an active role in the defense of the declaratory-judgment action. Barnett did not file an appeal from the declaratory judgment independent of Hartford's appeal.
[2] This joint account was not opened or maintained at Merchants and was unknown to Merchants until mid-October 2002. The evidence indicates that Bridges impermissibly withdrew funds from this account without Barnett's knowledge or permission.